## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KEALO HIGGINS**                                  **CIVIL ACTION**

**VERSUS**                                          **NO.  07-9729**

**N BURL CAIN**                                     **SECTION "I"(4)**


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

### I.      Factual Background

The petitioner, Kealo Higgins ("Higgins"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On June 18, 2001, Higgins was indicted by a grand jury in the Parish of St. Tammany for violating La. Rev. Stat. Ann. § 14:30.1 by committing

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

the second degree murder of Frederick Adams.[3]  He originally entered a plea of not guilty.[4] Higgins's counsel filed a motion and supplemental motion seeking the appointment of a sanity commission, and the motion was granted.[5]

 Following an initial sanity hearing, the trial court ordered that the defendant be committed to an in-jail treatment program for a period of ninety (90) days.[6]  After a second sanity hearing, defendant was found competent to stand trial.[7]  Defendant then withdrew his previous plea of not guilty and entered a plea of not guilty by reason of insanity.[8]

The record reflects that, on June 18, 2001, in the early morning hours, Higgins fired a snub-nosed revolver five times, hitting the victim, Frederick Adams ("Adams"), with all five shots and killing him.[9]  The shooting occurred at 1800 Cheshire Court in Slidell, Louisiana, during a drug deal involving Higgins, Frederick Adams, and Jerry Domecq, Jr. ("Domecq"), who was spending the night at that address with a friend, David McClure ("McClure").  With Adams providing directions, Delisa Brown ("Brown") drove Higgins and Adams to the area.  Higgins was the front seat passenger and Adams sat in the rear.

---

[3]St. Rec. Vol. 2 of 4, Grand Jury Return, 8/24/01; Indictment, 8/24/01.

[4]St. Rec. Vol. 2 of 4, Minute Entry, 9/5/01.

[5]St. Rec. Vol. 2 of 4, Minute Entry, 3/8/02.

[6]St. Rec. Vol. 2 of 4, Minute Entry, 5/7/02.

[7]St. Rec. Vol. 2 of 4, Minute Entry, 4/28/03.

[8]St. Rec. Vol. 2 of 4, Minute Entry, 6/17/03.

[9]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal.  St. Rec. Vol. 1 of 4, 1st Cir. Opinion, 2004-KA-0503, pp. 2-6, 10/29/04.

Brown testified that she was unaware that the purpose of the trip that night was a drug transaction. Domecq testified that Adams called him and McClure to obtain $400.00 worth of Ecstasy tablets.

Domecq explained that Adams and Higgins tested the tablets and asked for five more. Domecq said he wanted to be paid for the 20 tablets he had before he went to get more. Brown admitted that she could not hear all of the dialogue that took place between the participants after their arrival and prior to the shooting. Brown also stated that Higgins eventually raised his shirt and revealed a brown handle. According to Brown and Domecq, Higgins then exited the vehicle and, while holding a pistol in his hand, told Domecq "to give me everything you got." Domecq gave him the 20 tablets he had. Upon Higgins's command to do so, Adams then exited the vehicle. According to Domecq, Higgins told Adams to give him his money and to empty his pockets.

A struggle ensued between Higgins and Adams, and Higgins struck Adams with the pistol. Adams fell and was "out for a minute." Higgins then rummaged through Adams's pockets. Brown stated that Adams eventually got up and began running. Higgins pursued him. Brown then heard a total of five gunshots. The cause of death was by multiple gunshot wounds, five wounds to the right arm, back, face, and head.

After the final gunshot, Higgins ran back to the vehicle and instructed Brown to "pull off." She was afraid and unfamiliar with the area. After she inadvertently entered two dead end streets, Higgins instructed her to "push over." He exited the vehicle and reentered the driver's side. He then drove out of the neighborhood and into an apartment complex. He concealed the weapon in a small closet that housed the connections for a washing machine in the complex laundry room. Brown

admitted that she was charged as an accessory after the fact for the instant offense, but that if she testified truthfully "then everything would be dismissed."

On September 24, 2003, Higgins was convicted by a jury for the second degree murder of Adams.[10]  The Trial Court sentenced him on November 3, 2003, to serve life in prison.[11]  He appealed  the conviction.[12]

On direct appeal to the Louisiana First Circuit Court of Appeal, Higgins's counsel argued that there was insufficient evidence to support the verdict because a rational juror would have been found that Higgins was insane at the time of the offense.[13]  Higgins also raised pro se that he was denied a full and fair mental examination and the Trial Court erred in finding him competent to stand trial.[14][15]  The conviction and sentence were affirmed by the Louisiana First Circuit on October 29, 2004, after finding no merit to these claims.[16]

Higgins then filed a writ application with the Louisiana Supreme  Court which was denied without stated reasons on April 1, 2005.[17]  Higgins's conviction became final 90 days later, on June 30, 2005.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the

---

[10]St. Rec. Vol. 2 of 4, Trial Minute, 9/22/03; Trial Minutes, 9/22/03; Trial Minutes, 9/23/03; Trial Minutes, 9/24/03; Jury Verdict, 9/24/03.

[11]St. Rec. Vol. 2 of 4, Sentencing Minutes, 11/3/03.

[12]St. Rec. Vol. 2 of 4, Application for Appeal, 2004-KA-0503, 11/03/2003.

[13]St. Rec. Vol. 2 of 4, Appeal Brief, 04-KA-0503, 3/24/04.

[14]St. Rec. Vol. 2 of 4, Pro Se Supplemental Brief, 04-KA-0503, 5/19/04.

[15]St. Rec. Vol. 2 of 4, Application for Appeal, 2004-KA-0503, 11/03/2003.

[16]St. Rec. Vol. 1 of 4, 1st Cir. Opinion, 2004-KA-0503, 10/29/04.

[17]*State v. Higgins*, 897 So.2d 599 (La. 2005); St. Rec. Vol. 1 of 4, La. S. Ct. Order, 2004-KO-3101, 4/10/2005.

United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S.Ct. Rule 13(1).

## II.   Procedural History

On June 19, 2006, Higgins submitted an application for post-conviction relief to the Trial Court raising the following grounds for relief:[18] (1) ineffective assistance of counsel during the competency hearing; (2) ineffective assistance of counsel during trial; and (3) ineffective assistance of appellate counsel.  On September 13, 2006, Judge Donald M. Fendlason of the 22nd Judicial District Court in St. Tammany Parish denied Higgins's applications for failure to prove grounds for relief.[19]

Higgins filed for review in the Louisiana First Circuit, and the Court denied the application without stated reasons on December 28, 2006.[20]  Higgins timely[21] filed a writ application with the Louisiana Supreme Court, and it was denied without stated reasons on November 2, 2007.[22]

---

[18]St. Rec. Vol. 1 of 4, Uniform Application for Post-Conviction Relief, 6/23/06 (dated 6/19/06).  Higgins also filed a supplemental memorandum adding additional grounds of ineffective assistance of counsel during trial.  St. Rec. Vol. 1 of 4, First Supplemental Application, 8/10/06.

[19]St. Rec. Vol. 1of 4, Reasons for Judgment, 9/13/06.

[20]St. Rec. Vol. 1 of 4, 1st Cir. Order, 2006-KW-2257, 12/28/06.

[21]La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment.  The Court has obtained information from the office of the clerk of the Louisiana Supreme Court that Higgins writ application was filed on February 7, 2007, and was postmarked January 26, 2007.  Based on the postmark date, the writ application was timely under state law and was also timely under federal law having been submitted to prison officials for mailing in a timely manner.

[22]*State ex rel. Higgins v. State*, 966 So.2d 595 (La. 2007); St. Rec. Vol. 1 of 4, La. S. Ct. Order, 2007-KH-0255, 11/2/07.

## III.    <u>Federal Petition</u>

On January 14, 2008, the clerk of this Court filed Higgins's petition for federal habeas corpus relief in which he raised three grounds for relief:[23] (1) trial counsel was ineffective throughout the competency hearing; (2) trial counsel was ineffective throughout the course of the trial where he failed to call witnesses or investigate prior medical history; and (3) appellate counsel was ineffective where she failed to familiarize herself with the case before lodging the direct appeal.

The State filed a response in opposition to Higgins's petition alleging that the petition was not timely filed.[24]  Higgins filed a reply to the State's opposition arguing that he is entitled to equitable tolling because his counsel failed to inform him of the deadlines for filing for federal habeas corpus relief.[25]  He further argues that his petition was timely filed after he completed state post-conviction review.  He also claims that he is actually innocent and a miscarriage of justice would occur if his claims are not considered.

## IV.    <u>Standards of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[26] applies to this petition, which is deemed filed in this Court under the federal

---

[23]Rec. Doc. No. 3.

[24]Rec. Doc. Nos. 12, 13.

[25]Rec. Doc. No. 15.

[26]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

mailbox rule on December 3, 2007.[27]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

The State alleges that Higgins's petition is not timely filed.  The Court agrees and will address this defense.

## V.   <u>Statute of Limitations</u>

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[28]  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).  As discussed above,

---

[27]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Higgins's petition on January 14, 2008, when the filing fee was paid after pauper status was previously denied.  Higgins's signature on the petition is dated December 3, 2007.  This is the earliest date on which he could have submitted the pleadings to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition.  *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

[28]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Higgins's conviction became final on June 30, 2005, which was 90-days after the Louisiana Supreme Court denied his writ application on April 1, 2005, after direct appeal.

Under the plain language of § 2244, Higgins had until June 30, 2006, to file a timely federal application for habeas corpus relief and he failed to do so.  Thus, literal application of the statute would bar Higgins's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2) (2006).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is

---

28 U.S.C. § 2244(d) (2006).

unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir.

1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings

challenging the pertinent judgment subsequently challenged in the federal habeas petition.

*Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior

conviction in one county was other collateral review even though filed as a challenge to a second

conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on

other grounds by Carey v. Saffold*, 536 U.S. 122 (2002) (motion to withdraw a guilty plea is "other

collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling

is sought must have challenged the same conviction being challenged in the federal habeas corpus

petition and must have addressed the same substantive claims now being raised in the federal habeas

corpus petition.  *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).  Requests for documents

and transcript copies, like those filed by this petitioner, are not other collateral review for purposes

of the tolling calculation.  *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr.

12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for

tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th

Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.);

*Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001)

(petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185

F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file

the application, does not warrant equitable tolling); *Cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481,

484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or

equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In this case, at the time his conviction became final on June 30, 2005, Higgins had no properly filed pleadings pending. Higgins submitted his application for post-conviction relief on June 19, 2006. By that time, 354 days of the one-year AEDPA filing period had elapsed, leaving only 11 days before the filing period would expire. Higgin' application is considered to have remained pending until the related writ application to the Louisiana Supreme Court was denied on November 2, 2007. The one-year filing period began to run again the next day, November 3, 2007, and it continued to run for 11 days, until November 13, 2007, when it expired. Higgins had no properly filed state post-conviction or other collateral review pending during that time. The record also shows that, under the applicable mailbox rule, Higgins filed his federal petition for habeas corpus relief almost one month later on December 3, 2007. His petition is not timely filed.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

In this case, Higgins argues that his prior counsel failed to inform him of the deadlines for pursuing federal habeas corpus relief, and he was not aware of the proper filing period. The United States Fifth Circuit has made it clear that a lack of knowledge of the law, however understandable

it may be, does not justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002) (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.")); *see also Felder v. Johnson*, 204 F.3d 168, 172 (2000).

Under a broad reading, Higgins also argues that his petition is timely because it was filed within one year after completion of his state post-conviction remedies. However, the Fifth Circuit has held that the operative date for limitations purposes is when the state conviction becomes final upon completion of state appellate review, not upon the completion of the state post-conviction process. *See Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998). Furthermore, although the filing period under the AEDPA is shorter than that under state law, the AEDPA's statute of limitations does not improperly run afoul of Louisiana law or the Due Process and Equal Protection Clauses. Any such conflict does not render the AEDPA unconstitutional and, therefore, does not provide a basis for habeas corpus relief or equitable tolling. *See generally*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Ellis v. Martin*, 202 F.3d 281, 1999 WL 1101241 at \*3 (10th Cir. Dec. 6, 1999) (Table, Text in Westlaw).[29] Moreover, the AEDPA itself provides for resolution of any such conflict between state and federal post-conviction rights through its statutory tolling provisions discussed below. *See* 28 U.S.C. §2244(d)(2).

Finally, Higgins claims that because he is actually innocent, a miscarriage of justice will occur if his claims are not addressed. First, Higgins has not established, nor does he challenge in his petition, his actual innocence. Second, the United States Fifth Circuit has held that the AEDPA does not provide for an exception to its limitations period for claims of actual innocence, like that

---

[29]Although the *Ellis* case is without precedential value and has been designated as an unpublished decision by the Tenth Circuit, this Court finds the reasoning of *Ellis* instructive.

asserted here.  *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (citing *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)).  The limitations period is not tolled merely because the petitioner believes he is entitled to relief.  *United States v. Alexander*, No. Crim. A 94-343, 2000 WL 1092618 at *3 (E.D. La. Aug. 2, 2000) (Barbier, J.); *Gaines v. Cockrell*, Nos. 3-02-CV-2003-G/3-02-CV-2373-G, 2003 WL 222444 (N.D. Tx. Jan. 28, 2003) (Order adopting Report and Recommendation) (citing *Melancon*, 259 F.3d at 408).

As referenced above, the post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.  That is not the case here.

Higgins's federal petition is deemed filed on December 3, 2007, which is over one year after the AEDPA filing period expired on November 13, 2007.  Missing the deadline by even a few days nevertheless renders the petition untimely.  *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002).  Higgins's federal petition must be dismissed as untimely filed.

## VI.   **Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Kealo Higgins's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[30]

New Orleans, Louisiana, this 3rd day of December, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[30]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.