# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEALO HIGGINS** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-9729** |
| **N. BURL CAIN, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] for reconsideration regarding this Court's order denying Kealo Higgins's petition for issuance of a writ of habeas corpus as time-barred. For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

On September 24, 2003, the petitioner, Kealo Higgins ("Higgins") was convicted by a jury of second degree murder in connection with the killing of Frederick Adams.[2] The state trial court sentenced Higgins to serve life in prison.[3] On direct appeal, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence and the Louisiana Supreme Court denied his writ application on April 1, 2005.[4] The conviction became final 90 days later.[5] As a result, the one-year statute of limitations to file a federal writ of habeas corpus began running on June 30, 2005, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996); 28 U.S.C. § 2244(d)(1).

---

[1] R. Doc. No. 22.

[2] R. Doc. No. 16, p. 1-2.

[3] *Id.* at 4.

[4] *Id.*

[5] *Id.*

1

On June 19, 2006, 354 days after the one-year limitations period began to run, Higgins filed an application for post-conviction relief in the 22nd Judicial District Court in St. Tammany Parish.[6] The application for post-conviction relief tolled the one-year AEDPA limitations period for the duration of the state court post-conviction proceedings.[7] The 22nd Judicial District Court denied the application for failure to prove grounds for relief.[8] The Louisiana First Circuit denied Higgins' appeal of that decision without stated reasons and the Louisiana Supreme Court denied his writ application on November 2, 2007.[9] The federal one-year limitations period resumed the next day on November 3, 2007. The limitations period then ran for an additional 30 days—for a total of 384 days—before Higgins filed his petition for habeas corpus relief in this Court on December 3, 2007.[10]

On December 3, 2010, the U.S. Magistrate Judge issued a Report and Recommendation holding that Higgins's petition was not timely filed.[11] This Court adopted the report and recommendation and it overruled Higgins' objection that the U.S. Magistrate Judge failed to consider the effect of Hurricane Katrina when considering whether he complied with the one-year statute of limitations.[12]

---

[6] *Id.* at 5.

[7] The AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

[8] R. Doc. No. 16, p. 5.

[9] *Id.*

[10] *Id.* at 10.

[11] *Id.* at 12.

[12] R. Doc. No. 17, 21.

On June 27, 2012, Higgins filed this motion for reconsideration.[13] Higgins argues that the effects of Hurricane Katrina prevented him from filing his state court application for post-conviction relief in a timely fashion.[14] Higgins asserts that the Governor declared a state of emergency and suspended the running of prescription on all deadlines legally in effect at the time.[15] Higgins requests that this Court reconsider its previous ruling denying his habeas petition as untimely.[16]

## *STANDARD OF LAW*

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Ford v. Troyer*, No. 97-890, 1997 WL 731945, at *1 (E.D. La. Nov. 21, 1997). While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon*, No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996)(citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

If a motion for reconsideration is filed within twenty-eight days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after [twenty-eight] days, it will be treated as a 60(b) motion."[17] *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784

---

[13] R. Doc. No. 22.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] On December 1, 2009, the time period for filing a motion under Rule 59(e) was extended from ten to twenty-eight days. Fed. R. Civ. P. 59(e).

F.2d 665, 667-69 (5th Cir. 1986)). A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion. *Lavespere*, 910 F.2d at 174. Petitioner's motion for reconsideration was filed more than twenty-eight days after entry of the order being challenged. Accordingly, a Rule 60(b) analysis is appropriate.

"Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir. 1984)). The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009). A district court must exercise its sound discretion in deciding a Rule 60(b) motion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). Rule 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[C]lause (6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *FDIC v. Yancey Camp Development*, 889 F.2d 647, 648 (5th Cir. 1989).

## *DISCUSSION*

The one-year period for Higgins to seek federal habeas corpus relief normally would have expired one year after his conviction became final on June 30, 2005. As Higgins argues,

however, Hurricane Katrina made landfall in August of 2005. This Court has previously recognized that in the wake of the storm, "the circumstances facing litigants and the court were far from normal . . . due to the lasting effects of Hurricane Katrina." *Mark v. Michael*, 2008 WL 4365929, at *2 (E.D. La. Sept. 23, 2008). Given the irregular conditions caused by Katrina, then Chief Judge Helen G. Berrigan issued an order on September 1, 2005, that "all deadlines and delays, including liberative prescription and peremptive periods in cases pending or to be filed in the Court, are hereby suspended until ordered otherwise." *See id.* The suspension order was terminated on November 25, 2005. *Id.*

In light of the circumstances of Hurricane Katrina and Judge Berrigan's order suspending all liberative prescription and preemptive periods, this Court has applied an 86–day suspension period with respect to the statute of limitations for habeas petitioners. *See Hooker v. Cooper*, No. 10-1624, 2011 WL 1321405 (E.D. La. Feb. 24, 2011) (Chasez, M.J.) ("[I]t has been established that the AEDPA's one-year limitations period, with respect to habeas corpus petitions filed in the United State District Court for the Eastern District of Louisiana, was tolled during the 86-day period from September 1, 2005 through November 25, 2005.") (R&R adopted by Lemmon, J.); *Hooker v. Cooper*, No. 10-1624, 2011 WL 335606, at *5 (E.D. La. Jan. 31, 2011) (Lemmon, J.) (rejecting the report and recommendation of the U.S. Magistrate Judge for failure to apply the 86-day suspension period); *Bartley v. Louisiana Dept. of Corrections*, No. 06-2441, 2009 WL 2872932, at *3 (E.D. La. Sept. 2, 2009) (Moore, M.J.) ("This Court . . . finds it appropriate to suspend the limitations period applicable to [petitioner's] federal habeas petition for the 86 days between September 1, 2005 and November 25, 2005 when deadlines were suspended.") (R&R adopted by Feldman, J.); *Mark v. Michael*, No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sept. 23, 2008) (Shushan, M.J.) ("[O]ut of an abundance of caution, [the Court]

concludes that the limitations period was arguably suspended, and therefore no portion of that period elapsed, during the period of September 1, 2005, through November 25, 2005) (R&R adopted by Engelhardt, J.); *Hampton v. Wilkinson*, No. 08-1535, 2008 WL 4829716, at *2 (E.D. La. Aug. 26, 2008) (Livaudais, J.) ("This Court . . . finds that [petitioner] is entitled to the period of suspension tolling the limitations period applicable to his federal *habeas* petition for the 86 days between September 1, 2005 and November 25, 2005."); *MacCracken v. Louisiana*, No. 07-9540, 2008 WL 2951214, at *7 n. 47 (E.D. La. July 25, 2008) (Wilkinson, M.J.) (assuming without deciding that a petitioner may be entitled to an 86-day suspension in light of the order suspending prescription) (R&R adopted by Vance, J.).

This Court did not previously consider whether Higgins timely filed his petition in light of the 86 day suspension period following Hurricane Katrina, but it is clear that it would have been timely had the Court applied the suspension period. The limitations period ran for 62 days after his conviction became final on June 30, 2005, to September 1, 2005, when the limitations period was suspended due to the effects of Hurricane Katrina. The statute of limitations resumed on November 25, 2005, and it ran for an additional 205 days before Higgins commenced his post-conviction proceedings in state court on June 19, 2006. When the Louisiana Supreme Court denied his writ application on November 2, 2007, the limitations period resumed the next day. The statute of limitations ran for an additional 30 days—for a total of 297 days—before Higgins filed his federal petition on December 3, 2007.

The Court finds that the motion for reconsideration has merit because the petition for habeas corpus was filed within the one-year AEDPA statute of limitations when considered in light of the suspension period this Court employed in the wake of Hurricane Katrina. *See Hooker v. Cooper*, No. 10-1624, 2011 WL 335606, at *5 (E.D. La. Jan. 31, 2011) (Lemmon, J.)

(rejecting the report and recommendation of the U.S. Magistrate Judge for failure to apply the 86-day suspension period). Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **GRANTED.** The above-captioned matter is once more **REFERRED** to the U.S. Magistrate Judge for consideration of the merits of the petition.

New Orleans, Louisiana, August 13, 2012.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**